UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT D. HARDY,

        **Plaintiff,**

        v.

        Case No. 2:12-CV-715
        JUDGE EDMUND A. SARGUS, JR.
        Magistrate Judge Terence P. Kemp

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's objections, doc. 27, to the Magistrate Judge's report and recommendation, doc. 22. For the following reasons, the Court **OVERRULES** the objections and **ADOPTS** the report and recommendation.

### I.

Plaintiff applied for disability insurance benefits and supplemental security income in August and September of 2008. In October of 2010, an administrate law judge ("ALJ") denied Plaintiff's application. The record demonstrates that Plaintiff was hospitalized in June of 2008 with symptoms of depression, thoughts of suicide, and auditory hallucinations. He then began seeing Dr. Nahar, who diagnosed Plaintiff with schizoaffective disorder and chronic PTSD. Plaintiff's medical file also includes Dr. Nahar's progress notes from 2008 and 2009, which indicate a slight improvement "but otherwise the continuation of the same type of symptoms." Doc. 22 at 3. According to Dr. Nahar, Plaintiff had serious "limitations in fifteen separate areas of work-related activities." *Id.* at 4. Dr. Nahar also "indicated that all of plaintiff's symptoms were caused by his schizoaffective disorder and not by substance abuse." *Id.*

Dr. Hoyle, a state-agency reviewer, expressed a different opinion. He thought that "plaintiff suffered from a schizoaffective disorder, anxiety, and substance addiction, and that he had moderate difficulties in social functioning and in maintaining concentration, persistence and pace." *Id.* at 3. On the other hand, he "also noted that plaintiff performed activities of daily living such as making meals, doing household chores, paying bills, reading, and visiting with family." *Id.* at 3–4. In Dr. Hoyle's opinion, "plaintiff could do simple tasks in a static environment without strict time or production quotas and could interact with others occasionally and superficially but would work best on his own." *Id.* at 4. Relying in part on Dr. Hoyle's opinion, the ALJ found that Plaintiff's only severe impairment, depression, did not meet the requirements of the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ also found that, with some restrictions, Plaintiff could work as a store laborer or at similar jobs. Based on these considerations, the ALJ concluded that Plaintiff did not qualify for benefits.

## II.

### A.

Magistrate Judge Kemp reviewed the ALJ's decision upon Plaintiff's statement of errors. With his first statement of error, Plaintiff argued that the ALJ improperly rejected Dr. Nahar's opinions. The ALJ gave the opinions of Dr. Nahar, Plaintiff's treating physician, "little weight" because they were "inconsistent with the medical record of evidence and the claimant's activities of daily living." Doc. 22 at 7; *see* doc. 13-2 at 24. Magistrate Judge Kemp sustained Plaintiff's statement of errors on this count in part because the ALJ did not provide a reasoned explanation for his limitation of Dr. Nahar's opinion. *See* doc. 22 at 8–10. Plaintiff also argued against the propriety of the ALJ relying on Plaintiff's ability to perform daily activities like playing basketball and watching television without being affected by his impairment. The Magistrate

Judge again agreed with Plaintiff, finding problematic the ALJ's determination that Plaintiff's

daily living activities were inconsistent with marked or extreme psychological limitations. *Id.* at

10. Having identified these issues, he recommended that Plaintiff's statement of errors be

sustained and that the case be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g).

The Commissioner timely objected.

**B.**

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. §

636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made. A

judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." The Court thus undertakes a *de novo* determination

of the portions of report and recommendation to which the Commissioner objects. In doing so, it

follows the same standard the Magistrate Judge used to address Plaintiff's original statement of

errors:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the
> Secretary [now the Commissioner] as to any fact, if supported by substantial
> evidence, shall be conclusive. . . ." Substantial evidence is "'such relevant
> evidence as a reasonable mind might accept as adequate to support a
> conclusion'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting
> Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938)). It is
> "'more than a mere scintilla.'" Id. LeMaster v. Weinberger, 533 F.2d 337, 339
> (6th Cir. 1976). The Commissioner's findings of fact must be based upon the
> record as a whole. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985);
> Houston v. Secretary, 736 F.2d 365, 366 (6th Cir. 1984); Fraley v. Secretary,
> 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the
> Commissioner's decision is supported by substantial evidence, the Court must
> "'take into account whatever in the record fairly detracts from its weight.'"
> Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th
> Cir. 1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488
> (1951)); Wages v. Secretary of Health and Human Services, 755 F.2d 495, 497
> (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact,
> the Commissioner's decision must be affirmed so long as that determination is

supported by substantial evidence. <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir.1983).

Doc. 22 at 7–8.

### III.

The Commissioner objects to the Magistrate Judge's conclusions on three grounds.

### A.

The Commissioner first argues that the ALJ properly explained his justification for rejecting Dr. Nahar's opinions. Applicable regulations—and accompanying case law—prescribe a preference for the opinions of treating physicians. *See, e.g.*, 20 C.F.R. § 404.1527; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–45 (6th Cir. 2004). To be sure, as the Commissioner points out, an ALJ need not necessarily give a treating physician's opinion controlling weight. *See, e.g.*, *Wilson*, 378 F.3d at 544–45. But if the ALJ decides not to give the treating physician's opinion controlling weight, Social Security Administration ("SSA") regulations require the ALJ "give good reasons" for the level of weight given to the treating physician's opinion. *Id.* at 544 (citing 20 C.F.R. § 404.1527(d)(2)). According to the ALJ's opinion in this case, he accorded Dr. Nahar's opinions "little weight" because he found them "inconsistent with the medical record of evidence and the claimant's activities of daily living." Doc. 13-2 at 24.

Based on the record and the guiding law, the Court agrees with the Magistrate Judge's conclusion that the ALJ did not adequately articulate the bases for rejecting Dr. Nahar's opinion. Magistrate Judge Kemp properly concluded that the ALJ's explanation does not comport with Sixth Circuit case law. Specifically, "there is absolutely nothing in the ALJ's decision which would allow either the plaintiff or this Court to determine what part of the medical record the ALJ found to be inconsistent with Dr. Nahar's opinions." Doc. 22 at 10; *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010) ("Put simply, it is not enough to

4

dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies *and to explain why it is the treating physician's conclusion that gets the short end of the stick*." (emphasis added)). This objection is thus overruled.

**B.**

Second, the Commissioner argues that Magistrate Judge Kemp erred in faulting the ALJ's failure to discuss any of the regulatory factors in evaluating Dr. Nahar's opinions. When the treating physician's opinion "is not accorded controlling weight," SSA regulations require—in addition to a reasoned explanation—the ALJ to apply "certain factors . . . in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544. These include: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id.* (citing 20 C.F.R. § 404.1527(d)(2)). In this case, the ALJ reasoned that Dr. Nahar's opinions were "inconsistent with the medical record of evidence and the claimant's activities of daily living." Doc. 13-2 at 24.

The Court finds that the ALJ assigned diminished the weight of Dr. Nahar's opinions without discussing all of the required regulatory factors. As the Commissioner points out, the ALJ did—albeit in cursory fashion—mention the consistency of the opinion with certain parts of the record. He did not, however, discuss this factor in any depth. Further, his opinion demonstrates that he did not consider the length of the treatment relationship and the specialization of the treating source. Instead, he opted to minimize Dr. Nahar's opinions based on his cursory analysis of one factor. The Commissioner counters that that ALJ gave justifiable reasons for according Dr. Nahar's opinion little weight. Even granting the Commissioner this

argument, it still does not change the Magistrate Judge's conclusion that the ALJ assigned little weight to Dr. Nahar's opinion without discussing *all* of the required regulatory factors. Thus, this objection is overruled.

### C.

Third, the Commissioner contends that the ALJ, contrary to the Magistrate Judge's conclusion, did not engage in a selective reading of the record. In evaluating Dr. Nahar's opinion, the ALJ was required to base his conclusion "on a consideration of the entire case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (internal quotation marks omitted). The Court disagrees with the Commissioner's objection. The Magistrate Judge correctly explained that Plaintiff's physical ability to perform daily tasks is not at issue; that his physical abilities do not directly inform his psychological issues; and that his physical abilities by themselves do not contradict Dr. Nahar's opinion. The Magistrate Judge also correctly concluded that the ALJ found Plaintiff's physical abilities to outweigh any other psychological-issue evidence on the record, and that the ALJ did not make mention of at least one other relevant psychological-limitation form. *See* doc. 22 at 11; doc. 14-2 at 65–73 (Ex. 11E). For these reasons, the Court adopts the Magistrate Judge's conclusion on this front: "It strongly appears that the ALJ engaged in a selective reading of the record—choosing to credit certain statements made by plaintiff about what he can do, but disregarding his statements about what he cannot—instead of considering the record as a whole. This, too, is error." Doc. 22 at 11 (citing *Rogers*, 486 F.3d at 247). This objection is thus overruled.

### IV.

In his statement of errors, Plaintiff also contended that the Commissioner should be directed to retain a medical expert on remand. Magistrate Judge Kemp found no merit in this

argument and rejected it. Doc. 22 at 12–13. The report and recommendation advised the parties that failure to object within fourteen days would result in a waiver of the right to review. *Id.* at 13. The time period for objections has run and no party has objected to this aspect of the report and recommendation. Accordingly, the Magistrate Judge's conclusion that the facts of this case do not call for a medical expert on remand is **ADOPTED**.

## V.

For the foregoing reasons, Court **OVERRULES** the Commissioner's objections, doc. 27, and **ADOPTS** the report and recommendation in this case, doc. 22. Accordingly, Plaintiff's statement of errors is **SUSTAINED** in accordance with the Magistrate Judge's report and recommendation; and this case is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS SO ORDERED.**

3-18-2014
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**