```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Robert D. Hardy,                 :

    Plaintiff,               :

  v.                             :    Case No. 2:12-cv-715

                                    :    JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social Security,    Magistrate Judge Kemp

    Defendant.               :

## REPORT AND RECOMMENDATION

    In an Opinion and Order filed on March 18, 2014, the Court remanded this case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. (Doc. 29). On May 15, 2014, plaintiff Robert D. Hardy filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Doc. 33). The Commissioner did not file a response to Mr. Hardy's application.

    Upon review of Mr. Hardy's application for attorney fees, the Court noted that it was not supported by sufficient evidence. Consequently, on June 26, 2014, the Court issued an Order requiring Mr. Hardy to supplement the application by submitting evidence to satisfy the requirements of 28 U.S.C. §2412(d)(1)(B) and the Local Civil Rules, including but not limited to his counsel's affidavit. (Doc. 34). In the same Order, the Court allowed the Commissioner ten days to file a response to Mr. Hardy's supplemental filing. In response to this Court's order, on July 7, 2014, Mr. Hardy filed an affidavit of his attorney, Paul F. Woodrow, in support of his application for attorney fees. (Doc. 35). Despite the passage of time for filing a responsive memorandum, the Commissioner has not responded. The application is now ripe for adjudication.

    It is the Commissioner's burden, in response to a motion for

fees under the EAJA, to demonstrate that the Commissioner's litigation position was substantially justified. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified").  In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden. See, e.g., Libas, Ltd. v. United States, 314 F.3d 1362, 1366 (Fed. Cir. 2003)("when the government fails to advance any reasoning showing its position was substantially justified, the court ... may grant the motion by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission ...").

   Once it has been determined that a social security claimant is entitled to fees under the EAJA, the only remaining questions are the reasonableness of the hours expended and whether the hourly rate falls within the statutorily-authorized range.  Mr. Hardy seeks $3445.67 for 18.05 hours of work, billed at the following rates: $184.33 per hour for worked performed in 2012; $192.03 per hour for work performed in 2013; and $194.70 per hour for work performed in 2014.  Nothing in the itemization of hours expended appears unreasonable.

   As far as the hourly rate is concerned, Mr. Hardy is requesting the statutory maximum rate of $125.00 per hour with a cost of living adjustment for each of the years in which his counsel performed the work.  The Court of Appeals has recognized that the EAJA permits a cost of living adjustment, and it is within the Court's discretion whether to award such an adjustment.  Crabtree v. Colvin, 2013 WL 1314875, *1 (S.D. Ohio

Mar. 29, 2013).  Mr. Hardy calculates the cost of living for each year using the Consumer Price Index ("CPI"), which is "the best indicator for computing the increase in the cost of living."  Id.

When the statutory cap of $125.00 per hour was established in March 1996, the CPI "All Items Index" average was 155.7.  Mr. Hardy incorrectly states, however, that "the CPI All Items Index was 151.7 in March 1996."  Although the number as referred to by Mr. Hardy is incorrect, the "Midwest Urban" CPI for "All Items" for "All Urban Consumers" in March 1996 indeed was 151.7.  Thus, Mr. Hardy appears to be requesting that the CPI for Midwest Urban Consumers for All Items be used to calculate the adjustment.

Other courts in this district have utilized the more specific CPI index for the Midwest region in March 1996 (151.7), as opposed to U.S. City average index for the same time (155.7), in order to calculate a cost of living increase.  See Caldwell v. Commissioner of Social Security, 2013 WL 4830953, *6 (S.D. Ohio Sept. 10, 2013), citing Adkins v. Commissioner of Social Security, 2011 WL 2020647, *1 n.2 (S.D. Ohio May 24, 2011); see also Vasquez v. Astrue, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012)(finding that the "'Midwest Urban' CPI 'is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis'").  Because the Commissioner has not objected to Mr. Hardy's use of that number in his calculation, the Court will accept that the use of the regional index is appropriate.  See Adkins, 2011 WL 2020647, *1 n.2.  The common ratio of change for each year, therefore, is the following:

> **1.44 for 2012**
> (dividing 219.033, the Midwest CPI for December 2012, by 151.7, the Midwest CPI for March 1996)
>
> **1.46 for 2013**
> (dividing 221.194, the Midwest CPI for December 2013, by 151.7, the Midwest CPI for March 1996)

>    **1.49 for 2014**
>    (dividing 225.485, the Midwest CPI for March 2014, by
>    151.7, the Midwest CPI for March 1996)

Applying the common ratio of change for each year to the $125.00 statutory cap results in the following hourly rates:

>    **$180.00** for 2012 ($125.00 x 1.44)
>
>    **$182.50** for 2013 ($125.00 x 1.46)
>
>    **$186.25** for 2014 ($125.00 x 1.49)

Applying those hourly rates to the number of hours for each year as set forth in Mr. Hardy's "itemization of time in support of EAJA fees" results in the following:

>    **$747.00** for work performed in 2012
>    ($180.00 x 4.15 hours)
>
>    **$1,752.00** for work performed in 2013
>    ($182.50 x 9.60 hours)
>
>    **$800.88** for work performed in 2014
>    ($186.25 x 4.30 hours)

Adding together the fees for 2012, 2013, and 2014 results in the following:

>    ```
>         $   747.00
>    +    $1,752.00
>         $   800.88
>    ```
>    ―――――――――――
>    **$3,299.88**

Consequently, the appropriate amount of fees given the cost of living adjustment is $3,299.88.

   This total is $145.79 less than the $3445.67 requested by Mr. Hardy because although, as noted above, Mr. Hardy uses the CPI index for the Midwest region in March 1996 (151.7), he uses the U.S. City average index for December 2012 (229.601), December 2013 (233.049), and March 2014 (236.293).  Because there must be a consistent index applied and courts in this district have approved the use of the CPI index for the Midwest region, the Court will use those numbers as set forth above and award Mr.

Hardy the lesser amount. Further, the evidence Mr. Hardy submitted in support of the application is satisfactory to demonstrate that the rates, as calculated by the Court, are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Bryant v. Commissioner of Social Security, 578 F.3d 443, 450 (6th Cir. 2009), citing Blum v. Stenson, 465 U.S. 886, 898 (1984).

It is therefore recommended that Mr. Hardy's application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 33) be granted and that Mr. Hardy be awarded the sum of $3,299.88 to be paid to counsel for Mr. Hardy unless there is an offsetting debt owed to the United States.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                              <u>/s/ Terence P. Kemp</u>
                                              United States Magistrate Judge